**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


**JOSHUA A. RITTENBERRY,**

      **Plaintiff,**

                                   **Civil Action 2:17-cv-804**
                                   **Judge Michael H. Watson**
      **v.**                         **Magistrate Judge Chelsey M. Vascura**


**OFFICER PARNELL,** *et al.*,

      **Defendants.**



## REPORT AND RECOMMENDATION

This matter is before the United States Magistrate Judge for a Report and Recommendation on the Court's September 25, 2017 Order directing Plaintiff to pay the filing fee or otherwise comply. (ECF No. 4.) For the reasons that follow, it is **RECOMMENDED** that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**I.**

Plaintiff filed this action on September 13, 2017. (ECF No. 1.) Because Plaintiff had neither paid the filing fee nor submitted the required materials in support of his application to proceed *in forma pauperis*, Plaintiff was ordered to either pay the $400 filing fee or submit an application to proceed *in forma pauperis* under § 1915(a), including the required affidavit and certified trust fund statement from his prison's cashier. (September 14, 2017 Order, ECF No. 2.) Plaintiff was also cautioned that failure to comply with the Court's Order would result in dismissal of his case. (*Id.*)

Plaintiff filed a motion to proceed *in forma pauperis* on September 21, 2017.   (ECF No.

3.)   However, this application failed to comply with the Court's previous instructions.   As the

Court indicated in its Second Deficiency Order (ECF No. 4), Plaintiff failed to sign his affidavit or

include a certified copy of his prison trust fund account statement.   (*Id.* at 2.)   In the Court's

September 25, 2017 Order and Second Notice of Deficiency, the Court directed Plaintiff to:

> **either (1) pay the $400 filing and administrative fee; or (2) submit, WITHIN
> THIRTY (30) DAYS of the date of this order, the required affidavit *with
> signature* and his certified trust fund statement from his prison's cashier**.

(Sept. 25, 2017 Order, ECF No. 4, at p. 2.)   The Court again cautioned Plaintiff that failure to

comply with its Order would result in dismissal of the case for want of prosecution.   (*Id.*)

To date, Plaintiff has failed to comply with the Court's September 25, 2017 Order.   He has

neither paid the filing fee nor submitted a signed affidavit along with a completed certified prison

trust fund account statement.   Instead, Plaintiff has only submitted a blank copy of the certified

prison trust fund account statement, which the Court previously explained was insufficient.   (ECF

No. 5.)

## II.

Under the circumstances presented in the instant case, the Undersigned recommends

dismissal of Plaintiff's action pursuant to Rule 41(b).   The Court's inherent authority to dismiss a

plaintiff's action with prejudice because of his failure to prosecute is expressly recognized in Rule

41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with these

rules or a court order, a defendant may move to dismiss the action or any claim against it.   Unless

the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an

adjudication on the merits."   Fed. R. Civ. P. 41(b); *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–

31 (1962).   "This measure is available to the district court as a tool to effect 'management of its

docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing

parties.'" *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in

deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d

at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly

dismissed by the district court where there is a clear record of delay or contumacious conduct.'"

*Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

### III.

Here, Plaintiff has failed to comply with two separate Court Orders instructing him to

either pay the $400 filing fee or submit a signed affidavit accompanied by a completed certified

prisoner trust fund statement. (*See* ECF Nos. 2 & 4.) Moreover, the Court explicitly cautioned

Plaintiff in both Orders that failure to comply would result in dismissal of this action for failure to

prosecute pursuant to Rule 41(b). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir.

1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key consideration" in whether

dismissal under rule 41(b) is appropriate). Plaintiff's failure to timely comply with the clear

orders of the Court, which established reasonable deadlines for compliance, constitutes bad faith

or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir.

2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith

or contumacious conduct and justifie[d] dismissal").   Because Plaintiff has missed deadlines and disregarded Court orders, the Undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.   Nevertheless, the Undersigned concludes that dismissal with prejudice and requiring Plaintiff to pay the filing fee is too harsh a result.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITHOUT PREJUDICE** under Rule 41(b).   It is further **RECOMMENDED** that the Court not assess the filing fee in this matter.   Finally, it is **RECOMMENDED** that the Court order Plaintiff to list 2:17-cv-804 as a related case if he re-files this action.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).   A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.   Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.   28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE